UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| VAUGHN BOYD, SWI-DE, LLC, d/b/a DREW ESTATE,<br><br>Plaintiffs,<br><br>vs.<br><br>DEADWOOD TOBACCO COMPANY, a/k/a DEADWOOD TOBACCO COMPANY CORPORATION, and WILLIAM RECTENWALD,<br><br>Defendants. | 5:24-CV-05017-CCT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY** |

    Defendants Deadwood Tobacco Company, a/k/a Deadwood Tobacco Company Corporation, and William Rectenwald (Defendants) move for an order staying discovery, Docket 20, until after this Court rules on their motion to dismiss, Docket 11. Defendants claim that a stay is warranted because their motion to dismiss will be dispositive of the entire lawsuit and Plaintiffs Vaughn Boyd and SWI-DE, LLC, d/b/a Drew Estate (Plaintiffs) will not be prejudiced. Plaintiffs object, arguing that dismissal would not be dispositive and further that "there is no judicial economy resulting from a stay of discovery." Docket 30 at 2.

    "'A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.'" *Klynsma v. Hydradyne, LLC*, Civ. No.

1

13-5016-JLV, 2015 WL 2372686, at *1 (D.S.D. May 18, 2015) (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 803–04 (Fed. Cir. 1999)). Further, "[p]ursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay discovery." *Allen v. Agreliant Genetics, LLC*, Civ. No. 15-3172-LTS, 2016 WL 5416418, at *2 (W.D. Iowa Sept. 26, 2016). "The court may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)." *Klynsma*, 2015 WL 2372686, at *1 (quoting *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)).

When a party moves for an order staying discovery under Rule 26, the movant must show "good cause, including to avoid undue burden or expense." *Id.* (quoting *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.,* Civil No. 13–1356 ADM/FLN, 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013)). However, "the mere filing of a motion to dismiss [ ] does not constitute 'good cause' for the issuance of a discovery stay." *TE Connectivity*, 2013 WL 4487505, at *2 (citation omitted). Rather, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Horn v. Firstcomp Ins. Co.*, CIV. 17-5016-JLV, 2017 WL 11573970, at *1 (D.S.D. Nov. 2, 2017) (alterations in original) (citations omitted). Further, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial

2

resources.'" *Id.* (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)).

This lawsuit concerns the parties' respective rights to use certain trademarks. Docket 1. Although this Court does not rule on the merits of Plaintiffs' complaint, it notes that the United States District Court for the Southern Division of Florida dismissed a lawsuit filed by Plaintiffs against Defendants alleging similar claims as those alleged here, holding the parties' contracts contained a mandatory and enforceable forum selection clause designating South Dakota as the exclusive venue for the parties' dispute. Docket 12-3 at 21 (the Florida district court's order). This Court also notes that there is a pending lawsuit filed by Defendants against Plaintiffs in the circuit court for Lawrence County, South Dakota, relating to the parties' respective rights under their contracts to use these disputed trademarks. Docket 12-4 (Defendants' complaint filed in South Dakota state court).

Based on this Court's "peek" at Defendants' motion to dismiss, which is based in part on the doctrine of *forum non conveniens*, it does not appear to be without foundation in law. *See TE Connectivity Networks,* 2013 WL 4487505, at *1 (noting that "district courts have taken a 'peek' at the merits of the pending dispositive motion" when ruling on whether a stay is appropriate). Also, Plaintiffs have not demonstrated that prejudice will result if this Court stays discovery in this federal suit pending resolution of Defendants' motion to dismiss. Therefore, the Court finds good cause to stay discovery.

It is hereby

3

ORDERED that Defendants' motion to stay discovery, Docket 20, is granted. Discovery is stayed pending this Court's resolution of Defendants' motion to dismiss, Docket 11. Depending on the outcome of that motion, the Court may enter a new scheduling order.

Dated December 19, 2024.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE